# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF S. HARNDEN,<br><br>        Plaintiff,<br><br>    v.<br><br>KILER, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:11-cv-02069-LJO-SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, AND DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $350.00 FILING FEE IN FULL<br><br>(Docs. 1 and 2) |

Plaintiff Jeff S. Harnden, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 7, 2011. Plaintiff seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Plaintiff is subject to section 1915(g) and is precluded from proceeding in forma pauperis unless he is, at the time the complaint is filed, under imminent danger of serious physical injury.[1]

///

---

[1] The Court takes judicial notice of the orders issued in case numbers 1:07-cv-01319-MHM <u>Harnden v. California</u> (E.D. Cal.) (02/18/2009 order revoking in forma pauperis status); 1:05-cv-01274-LJO-WMW <u>Harnden v. Scribner</u> (E.D. Cal.) (03/24/08 order denying plaintiff leave to proceed in forma pauperis under 1915(g)); and 3:96-cv-06086-PA <u>Harnden v. Campbell</u> (D.Or.) (dismissed 09/09/96 as frivolous).

Plaintiff's complaint sets forth numerous claims for relief, none artfully pled and all fairly general in terms of setting forth facts and linking parties liable for constitutional violations. Of the multitude of claims pled, there are several potential Eighth Amendment claims which Plaintiff identifies as meeting the imminent danger exception.

First, Plaintiff alleges prison officials attempted to cell him with inmate Rodriguez, who wanted to kill himself and a cellmate. Plaintiff was next housed with inmate Williams, described by Plaintiff as a sexual pervert who was a known masturbator and flasher and whom agreed to cut Plaintiff's face with a razor, at the behest of "New York." (Comp., p. 7.) Williams also worked out all day, which aggravated Plaintiff's asthma, and Williams may or may not have threatened to punch Plaintiff. (Id.)

Next, Plaintiff alleges that prison officials allow gang members to be housed on sensitive needs yards, which endangers the safety of true sensitive-needs inmates. The gang-involved inmates allegedly intentionally infiltrate the sensitive needs yards and then form new gangs, such as the Amber Alert Gang or the 25-to-Life Gang. Plaintiff alleges that he identified his enemies to Sergeant Bueno, but Bueno failed to document them.

Finally, Plaintiff alleges that he suffers from asthma, which is caused by dust infiltrating the defectively-designed air vents.

The imminent danger exception is met only if, at the time the complaint is filed, Plaintiff is under imminent danger of serious physical injury. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). While the Court should not delve into an overly detailed analysis of Plaintiff's claims in determining whether the exception is met, Plaintiff must set forth plausible allegations that, at the time of filing, he was under imminent danger of serious physical injury. Andrews, 493 F.3d at 1055.

Here, the Court finds that Plaintiff's very general allegations do not meet the imminent danger exception. There is no suggestion in the complaint that Plaintiff was still housed with either Rodriguez or Williams at the time he filed the complaint, and Plaintiff's complaint lacks any plausible allegations supporting a finding that at the time he filed the complaint, he was under imminent danger of serious physical injury from other inmates via his sensitive needs yard placement or from faulty venting. Therefore, Plaintiff's motion for leave to proceed in forma pauperis shall be

denied. Plaintiff is free to re-file this complaint as a new action but accompanied by the $350.00 filing fee.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis in this action is denied; and
2. This action is dismissed, without prejudice to refiling with the submission of the $350.00 filing fee in full.

IT IS SO ORDERED.

**Dated:   December 21, 2011**           /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE